**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VICTORIA SCHWEIZER,

Plaintiff,

v. No. 1:25-cv-01302-MLG-JFR

AUTOSAVVY OF SANTA FE, LLC; and
JOE COSTALES, in his capacity as agent
for AUTOSAVVY OF SANTA FE, LLC,

Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE ROBBENHAAR'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND**

The Court addresses Defendant AutoSavvy of Santa Fe, LLC's ("AutoSavvy") objections to Magistrate Judge John F. Robbenhaar's Proposed Findings and Recommended Disposition ("PFRD"), Doc. 25. Judge Robbenhaar recommends granting in part and denying in part pro se Plaintiff Victoria Schweizer's Motion to Remand to State Court ("Motion to Remand"), Doc. 10. *See* Doc. 25 at 1, 22. Specifically, he concludes that this matter should be remanded to state court but that Schweizer's request for attorney's fees should be denied. *Id.* AutoSavvy timely filed its objections to the PFRD, arguing that remand is inappropriate because Schweizer asserts a federal claim under the Fair Credit Reporting Act ("FCRA"), which confers federal-question jurisdiction. Doc. 26. Schweizer did not object to the PFRD. For reasons explained below, the Court adopts in part and rejects in part the PFRD but ultimately agrees with Judge Robbenhaar that Schweizer's Motion to Remand should be granted in part.

## DISCUSSION

### I. Legal Standard

A district court judge may refer a dispositive matter[1] to a magistrate judge for recommended disposition. Fed. R. Civ. P. 72(b)(1). The magistrate judge must then promptly conduct any necessary proceedings and issue an order with their recommendation. *Id*. A party may lodge objections within fourteen days thereafter. *Id*. When, as here, a timely objection has been made to a magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### II. Procedural History[2]

Schweizer filed a pro se civil complaint ("Complaint") against AutoSavvy and Defendant Joe Costales in the First Judicial District Court of Santa Fe County, New Mexico, on November 21, 2025. Doc. 1-1. The Complaint asserts five causes of action: "Fair Credit Reporting Act Violations," "Conversion," "Breach of Fiduciary Duty," "Breach of Contract," and "Fraud and Deceptive Trade Practices," without citing a specific statute or body of common law. *Id.* at 1, 4. After AutoSavvy was served, it timely removed the case to federal court on diversity jurisdiction

[1] Motions to remand are considered dispositive for purposes of Rule 72. *See Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015) (stating that each Circuit Court of Appeals "to consider the question has held that a motion to remand is a dispositive one, and therefore concluded that a remand order is beyond the power of a magistrate judge to issue").

[2] Neither party objected to the PFRD's Factual Background section, which the Court accordingly adopts. The Court separately addresses the procedural history because it is relevant to this Order's discussion.

grounds. Doc. 1. Three days thereafter, Schweizer filed several pleadings in the state court case that were not docketed in federal court until January 7, 2026. *See* Docs. 9-13 (indicating that the documents were first filed in the First Judicial District Court on December 26, 2025, and then filed in the United States District Court of New Mexico's Santa Fe courthouse). These filings included Schweizer's Motion for Leave to File First Amended Complaint ("Motion to Amend"), Doc. 9, and Motion to Remand. AutoSavvy filed a Motion to Compel Arbitration on December 31, 2025. Doc. 7. Like her other filings, Schweizer submitted her Response in Opposition to Defendant's Motion to Compel Arbitration ("Response Opposing Arbitration") in state court on January 7, 2026. *See* Doc. 14.

AutoSavvy filed a Supplemental Notice of Removal ("Supplemental Notice") on February 6, 2026, arguing for the first time that the Court has federal-question jurisdiction over this case. Doc. 23. It asserted that it had only "learned that Plaintiff intended to bring a federal claim" when Schweizer filed her Motion to Remand, Doc. 10, and Response Opposing Arbitration, Doc. 14, and that its Supplemental Notice was therefore properly brought under 28 U.S.C. § 1446(b)(3). Doc. 23 at 1-3. As discussed in greater detail *infra*, Judge Robbenhaar found that the Supplemental Notice was procedurally defective and therefore AutoSavvy failed to properly assert federal-question jurisdiction. Doc. 25 at 19-20.

## III. Analysis

The Court adopts the PFRD's unchallenged conclusion that the Court lacks diversity jurisdiction over this matter. *See* Doc. 25 at 15-19. Accordingly, the only issue left is whether the Court has federal-question jurisdiction. *See Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must prove that the case is within the court's subject matter."); *see generally Queens, LLC v. Seneca-Cayuga*

*Nation*, 635 F. Supp. 3d 1199, 1203 (N.D. Okla. 2022) ("Subject matter jurisdiction in federal court takes two forms: federal question jurisdiction and diversity jurisdiction.").

In addressing that question, Judge Robbenhaar determined that AutoSavvy's invocation of federal-question jurisdiction in its Supplemental Notice, Doc. 23, was procedurally defective. *See* Doc. 25 at 19-20. He reasoned that 28 U.S.C. § 1446(b)(3)[3] does not permit a defendant to raise a new basis for removal in a supplemental or amended removal notice. Doc. 25 at 19-20. AutoSavvy challenges this conclusion, arguing that Schweizer did not "clearly and unequivocally assert a federal claim" until the case was already pending in federal court. Doc. 26 at 3-5. AutoSavvy therefore asserts it may amend its grounds for removal accordingly. *Id.* at 4-6.

The Court declines to adopt the PFRD's analysis regarding the procedural propriety of the Supplemental Notice because resolution of that issue is unnecessary. *See, e.g.*, *United States v. López-Díaz*, 814 F. Supp. 3d 255, 260 (D.P.R. 2026) ("Judicial restraint compels this Court to resolve only those issues that are dispositive to a dispute."). Even assuming, arguendo, that AutoSavvy's Supplemental Notice is procedurally proper, it fails to demonstrate subject matter jurisdiction. Schweizer's motion for remand must therefore be granted. *See, e.g.*, *Henry*, 43 F.3d at 512.

Federal-question jurisdiction exists "when it is clear from the face of the well-pleaded complaint that a claim arises under federal law" or "when some substantial, disputed question of

[3] Section 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

federal law is a necessary element of a claim[.]"[4] *See Campbell v. SmithKline Beecham*, 919 F. Supp. 173, 175 (E.D. Pa. 1996). Although the Court construes pro se pleadings "more liberally than those composed by lawyers[,]" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation modified), it may not rewrite a complaint to incorporate a federal claim the plaintiff did not plead. *Campbell*, 919 F. Supp. at 177 (providing that a district court may not infer a federal cause of action from a complaint); *see also Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (providing that "all doubts are to be resolved against removal"). Moreover, the Court must be mindful that federal jurisdiction is limited and there is a corresponding presumption against federal jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Here, AutoSavvy concedes that Schweizer's Complaint does not contain any express statement that "she intended to bring a [federal] claim." Doc. 23 at 1. Nevertheless, it suggests the Court has federal-question jurisdiction for two reasons. First, Schweizer's Motion to Remand cites a federal case interpreting the FCRA. Doc. 23 at 2. Second, her Response in Opposition to Defendant's Motion to Compel Arbitration, Doc. 14, states that her FCRA claims are federal statutory torts and cites 15 U.S.C. § 1681(a) as creating "independent federal statutory rights." Doc. 23 at 2 (citing Doc. 10 at 4; Doc. 14 at 2, 18-19). But these passing references to federal law are not conclusive, and AutoSavvy agrees that these filings merely suggest that Schweizer "*intends* to bring a claim under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.[,]" Doc. 23 at 2 (emphasis added)—not that her Complaint currently asserts such a claim. That distinction

---

[4] In rare circumstances, federal-question jurisdiction arises under the complete preemption doctrine, which is "an exception or corollary to the well-pleaded complaint rule." *Saunders v. Big Blue Healthcare, Inc.*, 522 F. Supp. 3d 946, 958 (D. Kan. 2021). Neither party has raised that jurisdictional basis here and it is therefore not before the Court.

matters. As presently stated, Schweizer's allegations of a "Fair Credit Reporting Act violation" is—at best—an ambiguous invocation of federal law given New Mexico's similarly titled Fair Credit Reporting and Identity Security Act, NMSA 1978, §§ 56-3A-1 to -6. *See* Doc. 23 at 1-2; Doc. 1-1 at 1, 3. That ambiguity must be resolved in favor of remand. *See, e.g.*, *Fajen*, 683 F.2d at 333.

Subsequent filings identified in AutoSavvy's Supplemental Notice do not require a different result. *Cf. Firstenberg*, 696 F.3d at 1027-28 (reviewing a pro se litigant's post-complaint filings for evidence of a federal question after determining that the complaint, even when liberally construed, did not arise under federal law). Although Schweizer sometimes cites federal law, she characterizes her suit as one predicated exclusively on state law claims. *Compare* Doc. 10 at 4 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)), *with id.* at 2 ("This is a New Mexico consumer protection case involving New Mexico consumers, New Mexico businesses, and New Mexico law . . . ."), *and id*. at 7 ("This case requires interpretation of: New Mexico Unfair Practices Act; New Mexico law on individual liability; New Mexico law on fiduciary duties under POA; New Mexico law on conversion and fraud; and New Mexico's public policy protecting consumers from predatory lending.").

To be sure, some of Schweizer's filings expressly reference FCRA claims. But she characterizes those counts for relief as relating to Mountain America Federal Credit Union ("Mountain America"), "a federally-chartered credit union" that Schweizer sought to add as a defendant in this case via her Motion to Amend. *See* Doc. 9 at 2-3 (seeking to add Mountain America as a defendant and to add "additional causes of action"); Doc. 11 at 4 (describing her FCRA claim as an allegation that "Mountain America pulled credit for $20,056.58 without authorization"); Doc. 12 at 2 (stating that Schweizer was adding Mountain America "as a

defendant with direct liability for Fair Credit Reporting Act violations"); Doc. 14 at 17-20 (explaining that her "FCRA claims arise from unauthorized credit inquiries made by Mountain America . . . at AutoSavvy's direction" and that "[t]he FCRA violations here occurred through: Mountain America's processing of unauthorized credit applications"). *But see* Doc. 10 at 3-4 (stating Defendant Joe Costales is individually liable for FCRA violations); Doc. 14 at 32 (asserting that "[a]ll Defendants—AutoSavvy, Joe Costales, and Mountain America—are jointly and severally liable for . . . FCRA statutory and punitive damages"). Judge Robbenhaar, however, denied Schweizer's Motion to Amend. Doc. 16. So, while Schweizer's post-Complaint filings—including her Response Opposing Arbitration, Doc. 14—continued to refer to Mountain America and her FCRA claims, neither was expressly included in the operative pleading. Thus, those filings do not establish federal-question jurisdiction.

AutoSavvy makes one additional argument in support of removal: Schweizer voluntarily invoked the Court's jurisdiction by filing a motion to amend her complaint in federal court and may not now disavow that jurisdiction. Doc. 26 at 6. That is not the whole story, however. Schweizer originally filed her Motion to Amend in state court. She continued filing in state court despite AutoSavvy's removal efforts and did not take affirmative steps to litigate in this Court. *See* Docs. 9-14 (indicating that the documents were first filed in the First Judicial District Court and then filed at the United States District Court of New Mexico's Santa Fe courthouse).

## CONCLUSION

Based on the foregoing, the Court finds that AutoSavvy has failed to demonstrate the existence of federal-question jurisdiction. *See Fajen*, 683 F.2d at 333 ("[T]o support removal jurisdiction, the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint,

unaided by the answer or by the petition for removal." (citation modified)). If Schweizer amends her Complaint in state court to clarify that she is asserting a claim under federal law, AutoSavvy may again seek removal. *See, e.g.*, *Campbell*, 919 F. Supp. at 177. But as it stands now, this matter must be remanded.

It is therefore ordered:

1. The Court adopts the PFRD's analysis and conclusion that the Court does not have diversity jurisdiction. Doc. 25 at 15-19.

2. The Court adopts the PFRD's analysis and recommendation denying Schweizer's request for attorney's fees and costs. *Id.* at 21.

3. The Court rejects the PFRD's analysis and conclusion that AutoSavvy's Supplemental Notice of Removal is procedurally improper. *Id.* at 19-20.

4. Because the Court otherwise finds that it lacks federal-question jurisdiction, the Court grants the Motion to Remand, Doc. 10, to the extent this matter is remanded to the First Judicial District Court of Santa Fe County, New Mexico.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA